IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VICTORIA THOMPSON, | : |
| | : |
| **Plaintiff,** | : CIVIL ACTION FILE |
| | : NO. _____ |
| v. | : |
| | : |
| GEORGIA AUTO WORLD, LLC | : |
| and SUJITH SUNNY, | : |
| | : |
| **Defendants.** | : |
| _____ | : |

**COMPLAINT FOR BACKPAY, LIQUIDATED DAMAGES, AND ATTORNEYS' FEES UNDER THE FAIR LABOR STANDARDS ACT**

COMES NOW PLAINTIFF VICTORIA THOMPSON and asserts her claims against Defendant GEORGIA AUTO WORLD, LLC and SUJITH SUNNY under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, [hereinafter "FLSA"] for unpaid overtime wages, liquidated damages and reasonable attorneys' fees and expenses, showing this Honorable Court as follows:

**JURISDICTION AND VENUE**

1.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1337. This Court also has jurisdiction pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA").

2.

Pursuant to 28 U.S.C. § 1391, venue is appropriate in this judicial district as the Defendants reside herein, and the substantial part of the events or omissions giving rise to the claims described herein occurred in this judicial district.

**PARTIES**

3.

Plaintiff Victoria Thompson, a Georgia resident, is a former sales associate of Defendants, having been employed by Defendants between April 2016 and December 31, 2021. At all material times, Plaintiff was an "employee" of Defendants as that term is defined at 29 U.S.C. §203(e)(1), although Defendants intentionally misclassified Plaintiff as independent contractor for the duration of her employment relationship with Defendants.

4.

Defendant Georgia Auto World, LLC is a Domestic Limited Liability Company, and is therefore subject to the jurisdiction of this Court. The primary business of Defendant Georgia Auto World is to sell previously-owned vehicles to the public. At all relevant times, Defendant Georgia Auto World has been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendant Georgia Auto World may be served with process upon its Registered Agent: Sujith Sunny, 3639 Guildhall Trail, Marietta, Cobb

County, Georgia 30066, or at his business address: 1616 Roswell Road, Marietta, Cobb County, Georgia 30062.

6.

Defendant Sujith Sunny ("Sunny") is, on information and belief, a Member of Defendant Georgia Auto World, LLC who is subject to the jurisdiction of this Court. Defendant Sunny is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), because at all relevant times he was substantially involved in the day-to-day operations and management of Defendant Georgia Auto World and its employees. Defendant Sunny may be served with process at his residence address: 3639 Guildhall Trail, Marietta, Cobb County, Georgia 30066 or at his business address: 1616 Roswell Road, Marietta, Cobb County, Georgia 30062.

7.

At all relevant times, Defendants Georgia Auto World and Sunny were Plaintiff's "joint employers" as that term is defined at 29 C.F.R. § 791, *et seq*.

8.

At all material times during Plaintiff's employment, she was "engaged in commerce" as an employee of Defendants Georgia and Sunny, as defined at 29 U.S.C. §206(a), because she sold used vehicles manufactured outside the State of Georgia.

9.

At all material times during Plaintiff's employment, Defendants were each an "enterprise engaged in engaged in commerce or in the production of goods for commerce," as defined at 29 U.S.C. §206(a).

10.

At all material times during since 2013, Defendants had two more "employees engaged in commerce," as defined by 29 U.S.C. §203(s)(1)(A).

11.

Since 2018, Defendants also had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in produced for commerce by any person," as defined by 29 U.S.C. §203(s)(1)(A).

12.

During each year since 2018, Defendant Georgia Auto World had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated), within the meaning of 29 U.S.C §203(s)(1)(A).

13.

During each year since 2018, Defendant Georgia Auto World had an annual gross volume of sales made or business done of not less than

$500,000 (exclusive of excise taxes at the retail level that are separately stated), within the meaning of 29 U.S.C §203(s)(1)(A).

14.

During each year since 2018, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined in 29 U.S.C. §203(s)(1).

15.

At all times material hereto, Plaintiff was not exempt from the overtime pay requirements of the FLSA.

## FACTS

16.

Beginning on or about April 20, 2016, Ms. Thompson began working for Defendants as a sales associate at Defendants' Roswell, Georgia used car lot located at 1616 Roswell Road, Marietta, Georgia.

17.

Throughout her employment with Defendants until approximately April 2020, Ms. Thompson worked five (5) days during the workweek (9:00 a.m. until 7:00 p.m.) including working every other Sunday, from 12:00 p.m. until 5:00 p.m., averaging 55 hours per workweek.

18.

Beginning in or about April 2020, Ms. Thompson worked five (5) days during the workweek (9:00 a.m. until 6:00 p.m.) including working every other Sunday, from 12:00 p.m. until 5:00 p.m., averaging 50 hours per workweek.

19.

Throughout her employment with Defendants, Defendants only paid Ms. Thompson a flat payment of $250 or $225 per vehicle she sold.

20.

Defendants did not pay Ms. Thompson an overtime premium of one-and-one half times her regular rate of pay for each overtime hour worked during each workweek throughout her employment.

21.

Ms. Thompson resigned her employment with Defendants on or about December 31, 2021.

## COUNT I:

## **VIOLATION OF SECTION 207 OF THE FLSA**

22.

Plaintiff restates the allegations contained in Paragraphs 1-21 of her Complaint as is fully set forth.

23.

At all material times, Plaintiff was a non-exempt employee of Defendants.

24.

Defendants willfully failed and refused to pay Plaintiff an overtime premium of one-and-one-half times her regular rate of pay for each hour worked over 40 hours in any given workweek.

25.

Defendants knew or should have known that the FLSA applied to Plaintiff, a non-exempt sales associate, and that they had a duty to ensure she was paid an overtime premium for each hour she worked over 40 hours in any given workweek.

26.

As a result of Defendants' willful failure, Plaintiff is entitled to an award of back pay in the amount of one and one-half (1.5) times her regular rate of pay for each hour worked over 40 hours during any given workweek.

27.

Defendants have intentionally failed and refused to adequately compensate Plaintiff for many hours worked at the rates required by law, and has willfully refused to do so.

28.

Defendants' conduct constitutes a willful violation of Section 207 of the FLSA, entitling Plaintiff to all relief afforded under the FLSA.

29.

Said violation gives rise to a claim for liquidated damages in an amount equal to the unpaid compensation, and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, the Plaintiff requests:

(a)   that her Complaint be read and considered;

(b)   that service of process issue as authorized by law;

(c)   that the Court Award Plaintiff the value of her unpaid overtime wages;

(d)   that the Court award Plaintiff liquidated damages as authorized by law;

(e)   that the Court award the Plaintiff her expenses of litigation, including her reasonably-incurred attorney's fees; and

(f)   that the Court award any and such other further relief this Court deems just, equitable and proper.

[signature of counsel on following page]

Respectfully submitted,

*/s/ Dean R. Fuchs*
DEAN R. FUCHS
Georgia Bar No. 279170

Attorney for Plaintiff

Schulten Ward Turner & Weiss, LLP
260 Peachtree Street, N.W.
Suite 2700
Atlanta, GA 30303
(404) 688-6800
(404) 688-680 facsimile
d.fuchs@swtwlaw.com